## CIRCUIT COURT OF FAIRFAX COUNTY

Scott Pendergraph et al.

v.

Woodlawn Country Club, Inc., et al.

November 19, 1990

Case No. (Chancery) 118262

By JUDGE RICHARD J. JAMBORSKY

The matter is before the Court on Mr. Ballenger's plea in bar to the bill of complaint filed by Scott Pendergraph (plaintiff) against Woodlawn Country Club, Inc. (defendant). The Court took the matter under advisement and now sustains the defendant's plea in bar.

Initially, the defendant contends that § 13.1-614(B) of the Code of Virginia deprives the Court of jurisdiction to grant any injunctive relief as to matters asserted in paragraphs 26 through 31 of the bill of complaint. Section 13.1-614(B) states that:

> [n]o court within or without this Commonwealth, except the Supreme Court by way of appeal as authorized by law, shall have jurisdiction to review, reverse, correct, or annul any action of the Commission, within the scope of its authority, with regard to any articles, certificate, order, objection or petition, or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the Commission in the performance of its official duties.

Va. Code Ann. § 13.1-614(B) (1989). The State Corporation Commission acted clearly within its authority when

it issued the Certificate of Amendment on August 14, 1989. It was acting in a purely ministerial manner. *Ex parte Norfolk Ry. & Light Co.*, 142 Va. 323, 329-30, 128 S.E. 602 (1925); *Winfree v. Riverside Cotton Mills*, 113 Va. 717, 726, 75 S.E. 309, 313 (1912). The defendant's plea in bar must be sustained because the plaintiff alleges that the action by the State Corporation Commission is null and void.

Second, the defendant contends that the plaintiff may not proceed "on behalf of others similarly situated" in this cause. The Court concurs with the defendant. The revisers' notes to § 8.01-281 and § 8.01-364 of the Code of Virginia explicitly state that neither provision is intended to authorize the bringing of a class action suit. Va. Code Ann. §§ 8.01-281, 8.01-364 (1984). Additionally, the plaintiff did not bring the present action in the form of a shareholder's derivative suit.

For the foregoing reasons, the defendant's plea in bar is sustained.